DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction and sentence for sexual battery and gross sexual imposition entered on a guilty plea in the Wood County Court of Common Pleas. For reasons that follow, we affirm, in part, and reverse, in part.
 {¶ 2} In late 2004, Perrysburg police investigated allegations by a teenage female family member that appellant, José Martinez, had initiated sexual contact with her over a *Page 2 
period of years. As a result of this investigation, in 2005, the Wood County Grand Jury named appellant in a four count indictment, alleging two counts of rape, one count of sexual battery and one count of gross sexual imposition.
 {¶ 3} Appellant initially pled not guilty but, following negotiations with prosecutors, agreed to plead guilty to sexual battery and gross sexual imposition in return for dismissal of the rape charges. Following a plea colloquy pursuant to Crim.R. 11, the trial court accepted appellant's plea. The court deferred sentencing, pending results of a presentence investigation.
 {¶ 4} On December 12, 2005, the court held a sexual classification/sentencing hearing. On the recommendation of the prosecutor and with appellant's express consent, the court classified appellant as a sexually oriented offender, the least restrictive of the classifications mandated for one convicted of a sexually oriented offense. R.C. 2950.01(D).
 {¶ 5} On sentencing for sexual battery, the court imposed a five year term of incarceration, the maximum penalty for a third-degree felony, finding that appellant had "* * * committed the worst form of the offense" and that a lesser sentence would demean the seriousness of the offense. With respect to the gross sexual imposition offense, the court imposed a concurrent 17 month sentence.
 {¶ 6} On appeal, appellant's initial appellate counsel, who was also trial counsel, interposed a single assignment of error, asserting that the findings the court made at sentencing were inconsistent withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 3 
Following submission of initial counsel's brief, however, appellant moved the court to replace initial counsel and strike his brief. Appellant indicated he wished to argue ineffective assistance of counsel. We granted appellant's motion and appointed substitute appellate counsel.
 {¶ 7} Appellant sets forth the following two assignments of error:
 {¶ 8} "Assignment of error 1:
 {¶ 9} "The trial court sentence violated O.R.C. 2929.14 (B) and (C) when it sentenced the defendant-appellant to a non minimum sentence without making the required findings.
 {¶ 10} "Assignment of error 2:
 {¶ 11} "The defendant appellant was denied his constitutional right to effective assistance of counsel when counsel failed to investigate the defendant's mental health to determine whether entering a plea of not guilty by reason of insanity was appropriate."
 I. Ineffective Assistance of Counsel {¶ 12} We shall discuss appellant's second assignment of error first.
 {¶ 13} A guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1) . A counseled guilty plea voluntarily and knowingly entered removes the issue of factual guilt from the case. State v.Siders (1992), 78 Ohio App.3d 699, 701, citing Menna v. New York (1975),423 U.S. 61, 62. When a defendant pleads guilty as part of a plea bargain, he or she waives all appealable errors which may have occurred at trial unless such errors precluded the defendant from entering a knowing and voluntary plea. *Page 4 
 State v. Barnett (1991), 73 Ohio App.3d 244, 248, citing State v.Kelley (1991), 57 Ohio St.3d 127. A guilty plea even waives the right to claim that a defendant was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Id. at 249; United States v.Broce (1988), 488 U.S. 563, 574.
 {¶ 14} In this matter, the transcript of the plea hearing has not been included by appellant in the record on appeal. Consequently, we must presume the regularity of that proceeding. State v. Cook, 6th Dist. No. WD-06-029, 2005-Ohio-1550, ¶ 10.
 {¶ 15} The only reason appellant suggests to support his assertion that trial counsel was ineffective is appellant's insistence that trial counsel should have requested a mental examination of him prefatory to a not guilty by reason of insanity plea.
 {¶ 16} We have carefully examined the record in this matter and fail to find any reference or allusion to any condition or circumstance which would suggest that at the time of the offense appellant, "* * * did not know, as a result of a severe mental disease or defect, the wrongfulness of [his] acts." R.C. 2901.01(A)(14). Absent such indicia, we cannot conclude that trial counsel's performance was deficient in failing to pursue such a course. Moreover, given that appellant essentially confessed as a result of a polygraph examination, we cannot say that even if counsel's performance were deficient, there was a reasonable probability that the result of the proceedings would have been different. Thus, appellant failed to show deficient performance of counsel or prejudice, both of which are *Page 5 
required to establish a claim of ineffective assistance of counsel.Strickland vs. Washington (1984), 466 U.S. 668, 687.
 {¶ 17} According appellant's second assignment of error is not well-taken.
 II. Sentencing {¶ 18} Although the trial court's judgment entry on sentencing is somewhat ambiguous, at the sentencing hearing the court orally found that appellant committed the worst form of the offense. At the time of sentencing, such a finding was mandated by R.C. 2929.14(C) antecedent to imposing the maximum sentence upon an offender. Subsequently, however, R.C. 2929.14(C) was held to be unconstitutional and severed from the statutes. State v. Foster, supra, at paragraphs one and two of the syllabus.
 {¶ 19} Thus, to the extent that appellant argues that his sentence should be vacated because the trial court failed to follow the statute, his first assignment of error is not well-taken. On the broader question of whether the sentence was improper, however, appellant's argument is sustained. Pursuant to Foster, the trial court's finding was improper. In such an instance, we must vacate that sentence and remand for a new sentencing hearing. Foster at ¶ 105.
 {¶ 20} Accordingly, to the extent that he argues that his sentencing was improper, appellant's first assignment error is well-taken.
 {¶ 21} Our consideration whereof, the judgment of the Wood County Court of Common Pleas, is affirmed, in part, and reversed, in part. This matter is remanded to the trial court further proceedings consistent with decision. Appellee is ordered to pay costs *Page 6 
of this appeal pursuant to App.R 24. Judgment for the clerk's expense incurred in preparation of the record, as allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1