DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Lucas County Court of Common Pleas wherein, on February 12, 2004, appellant, Norbert L. Blackwell, pled guilty pursuant to North Carolina v.Alford (1970), 400 U.S. 25, to one count of burglary, *Page 2 
in violation of R.C. 2911.12(A)(2), a felony of the second degree. Appellant was sentenced on February 26, 2004, to five years in prison, with 79 days credit for time served, and was given an additional one-year in prison, to be served consecutively to the burglary conviction, for appellant's postrelease control violation.
 {¶ 2} The following relevant evidence is adduced from the record. On December 19, 2003, appellant was indicted for burglary, which allegedly took place on December 10, 2003. He was arraigned on December 23, 2003, was appointed counsel, and entered a plea of not guilty. Trial counsel indicated to the court that there was no speedy trial issue because appellant was incarcerated subject to a postrelease parole holder. On January 13, 2004, appellant's counsel filed a request for a bill of particulars. On January 29, 2004, appellant's counsel indicated that appellant had received discovery that morning and requested that the matter be continued for further pretrial to February 5, 2004. On February 5, 2004, the trial court confirmed appellant's February 9, 2004 trial date.
 {¶ 3} On February 9, 2004, appellant appeared in court with counsel for trial. The trial court stated that, although a resolution had been reached that appellant would plead guilty to burglary, because of appellant's criminal record, the trial court would not accept the recommendation of the state that the court would be bound by a sentence not to exceed three years. Rather, the trial court stated that it would impose a sentence not to exceed five years incarceration. Appellant was placed under oath in order for the trial court to proceed with the guilty plea. The trial court thoroughly informed appellant of his potential sentence in this case, including the fact that he would be given, at a minimum, *Page 3 
an additional consecutive one-year sentence for having committed a felony while on postrelease control.[1] The trial court also went through each of appellant's constitutional rights that he would waive by entering a guilty plea. The trial court asked appellant to state the circumstances of the burglary offense occurring on December 10, 2003. Appellant stated that he threw a brick/block through a window on the subject residence; however, he denied intending to steal anything and indicated that he was just looking for a person, whom he believed had entered the house, and who had taken his drug money. After further questioning, appellant denied ever entering the house. Because appellant was unable to admit to the elements of burglary, the trial court set a trial date for March 10, 2004, and appellant waived his right to speedy trial.
 {¶ 4} The trial court also noted the state's intention to present additional charges to the grand jury regarding the incident, including, possession of criminal tools, regarding a chisel appellant allegedly had on his person; felony drug possession, incident to a syringe appellant had on his person; and tampering with a witness and/or intimidation of a witness, concerning certain communications that allegedly had occurred with the victim. Appellant was notified that, if indicted, he could be sentenced to additional prison terms. The state also withdrew its recommendation for sentencing.
 {¶ 5} On February 12, 2004, appellant and counsel appeared before the court to withdraw his plea of not guilty and enter a plea of guilty pursuant to North Carolina v. Alford, *Page 4 
supra, to burglary. The state and the trial court agreed that, in the interest of justice, the maximum term of incarceration would be five years; rather, than the possible eight years to which appellant would otherwise be subjected. The state also indicated that it was scheduled to present the additional charges to the grand jury on February 13, 2004, but that no other charge, besides burglary, was pending against appellant at the time of his Alford plea.
 {¶ 6} The trial court explained the nature of an Alford plea to appellant, noting that he was agreeing to the plea, although he asserted his innocence, because of the agreement that he would not be subjected to a maximum sentence of eight years, and because his potential exposure to additional crimes would be reduced by the state not presenting more charges to the grand jury. The state set forth the evidence that would have been presented at trial, to wit, a neighbor saw appellant on the victim's porch and called 9-1-1; the police arrived and found appellant exiting the back of the residence; the victim normally would have been at home, but was away on business; the items and drawers in the house had been gone through and disturbed; and appellant had a syringe and a small chisel in his possession when arrested. The trial court again went through appellant's potential sentence, including the additional year for his postrelease control violation, and his constitutional rights. Appellant signed the guilty plea, pursuant to North Carolina v.Alford. The trial court found that appellant made a knowing, intelligent voluntary waiver of his constitutional rights and found him guilty of burglary. *Page 5 
The matter was referred for a presentence investigation report and was continued until February 26, 2004, for sentencing.
 {¶ 7} On February 26, 2004, appellant appeared for sentencing. The trial court reviewed appellant's prior convictions, including an investigation report from a Minnesota Adult Corrections Department, dated August 12, 1996, that referred to convictions for a controlled substance offense and burglary. The trial court also reviewed the reports regarding appellant's convictions on April 9, 1986, for forgery, and November 10, 1983, for retaining stolen property. The trial court noted that appellant was 39 years old at the time of sentencing; had been adjudicated delinquent as a juvenile on one felony and two misdemeanor convictions, including breaking and entering and rape; and had ten felony convictions and 21 misdemeanor convictions as an adult. The trial court found that the victim suffered serious psychological harm as a result of the burglary in this case. The trial court also found that the likelihood of recidivism was high because appellant was on postrelease control at the time of this offense. Pursuant to R.C.2929.14(B), the trial court held that the shortest prison term would demean the seriousness of the offense and not adequately protect the public. Appellant was sentenced to five years incarceration on the burglary conviction and one year on the postrelease control violation, to be run consecutively. Costs were waived.
 {¶ 8} On September 13, 2006, appellant filed pro se motions for court appointed appellate counsel and permission to file a delayed appeal, which was granted on October 11, 2006. On May 9, 2007, appellant's counsel filed a request to withdraw as appellate *Page 6 
counsel pursuant to Anders v. California (1967), 386 U.S. 738, stating that no legitimate grounds or non-frivolous issues exist to appeal. Nevertheless, in compliance with Anders at 744, counsel identified two potentially arguable issues for appeal concerning ineffective assistance of trial counsel and excessive sentence. Counsel served theAnders brief on appellant, who filed pro se appellate briefs on May 30 and July 2, 2007. The state responded to appellant's briefs on September 18, 2007.
 {¶ 9} Anders and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 10} With respect to appellate counsel's first potential issue, counsel suggests that a claim for ineffective assistance of counsel could be asserted; however, counsel did not indicate any aspect of counsel's representation that was allegedly deficient. We agree *Page 7 
that there is no evidence in the record that trial counsel's representation was deficient. In particular, we note that appellant stated twice under oath that he was satisfied with his counsel's representation and advice.
 {¶ 11} Appellate counsel states in her second potential issue that the matter should be remanded for resentencing because appellant was sentenced pursuant to statutory sections found unconstitutional byState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. According to the Ohio Supreme Court, however, Foster only applied to cases that were pending on direct appeal at the time of Foster's release. Foster, ¶ 104. NeitherBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, norFoster had been released at the time of appellant's plea and sentence, and appellant's appeal was not pending when Foster was released. We find that the trial court thoroughly considered the purposes and principles of felony sentencing and the seriousness and recidivism factors, as required by R.C. 2929.11 and 2929.12. We further find no abuse of discretion regarding appellant's sentence. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case.
 {¶ 12} Appellant, however, sets forth the following assignment of error on appeal:
 {¶ 13} "The trial court erred to the prejudice of appellant, and in violation of his federal Fifth Amendment Right to Due Process made applicable to the states through the Fourteenth Amendment, when it imposed a prison term for a postrelease control violation where the defendant was never notified of postrelease control by the previous sentencing court." *Page 8 
 {¶ 14} Appellant argues that in case number CR-03-1127, which concerned appellant's conviction for receiving stolen property, he was not informed, pursuant to R.C. 2967.28, of the possibility of receiving an additional sentence if he violated the terms of his postrelease control in that case. Appellant asserts that because the judgment entry of sentencing with respect to the receiving stolen property conviction failed to state that he had been informed pursuant to R.C. 2967.28, he should not have been sentenced in this case to an additional year for a postrelease control violation arising out of the receiving stolen property case. Appellant relies on Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, in support of his argument that "[u]nless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it."
 {¶ 15} We find that appellant is incorrect, the judgment entry of sentencing in CR-03-1127 specifically states that appellant was notified pursuant to R.C. 2929.19(B)(3). R.C. 2929.19(B)(3)(d), effective at the time of appellant's sentencing in CR-03-1127, stated that, at the time of sentencing, the trial court must "[n]otify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section." Thus, we find that appellant was notified in CR-03-1127 that he would be subject to postrelease control upon his release from prison in accordance with, and subject to, the requirements of R.C. 2967.28. Accordingly, we find appellant's sole assignment of error not well-taken. *Page 9 
 {¶ 16} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit, is wholly frivolous, and is dismissed. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Appellant previously had been incarcerated on February 27, 2003, in case number CR-03-1127, for a receiving stolen property conviction, and had been placed on postrelease control upon his release from prison. *Page 1