DECISION AND JUDGMENT
{¶ 1} Appellant, Anthony Milazo, appeals a March 30, 2007 judgment of the Lucas County Court of Common Pleas denying him postconviction relief from action by the Adult Parole Authority to assert postrelease control against him. Appellant disputes that he is subject to postrelease control under sentences imposed in February 1999, pursuant to no contest pleas. *Page 2 
 {¶ 2} Milazo pled no contest on January 5, 1999, to two offenses: robbery, a violation of R.C. 2922.02(A)(2), a felony of the second degree, and receiving stolen property, a violation of R.C. 2913.51, a felony of the fourth degree. The trial court convicted and sentenced Milazo for the offenses under a judgment entry filed on February 3, 1999. Under the entry, appellant was ordered to serve four years imprisonment for robbery and 12 months for receiving stolen property. The prison terms were ordered to run concurrently.
 {¶ 3} The term postrelease control does not appear in the February 3, 1999 judgment entry. The judgment entry refers to R.C. 2929.19(B)(3) and to the fact that notice under the statute had been provided: "[defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08."
 {¶ 4} Seven years later[1], on April 13, 2006, the trial court filed a nunc pro tunc judgment entry. The entry modified the wording of the 1999 judgment entry to add specific reference to postrelease control by name and to add a reference to R.C. 2967.28. The modified judgment reads that "[defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28." *Page 3 
 {¶ 5} Appellant contends that postrelease control was never properly made a part of his original sentence and that the nunc pro tunc judgment entry, seven years later and after he served his prison term, could not modify his sentence to include postrelease control. He also asserts that the trial court failed to comply with the requirements of Crim. R. 11(C)(2)(a) and that his no contest plea to robbery was invalid, as it was not knowingly, voluntarily, and intelligently made.
 {¶ 6} Appellant asserts two assignments of error on appeal:
 {¶ 7} "A. The trial court erred when it failed to notify Mr. Milazo prior to sentencing that he would be subject to a mandatory period of post-release control pursuant to O.R.C. § 2929.19(B)(3)(c) and2967.28(B)(2) if convicted of the Robbery charge, rendering Mr. Milazo's plea to a felony of the second degree unknowing and unintelligent.
 {¶ 8} "B. The trial court erred when it issued the nun [sic] pro tunc order reflecting that Mr. Milazo was given notice pursuant to Ohio Revised Code § 2929.19(B)(3) § 2967.28."
 {¶ 9} In his first assignment of error, appellant asserts that his no contest plea to robbery was not knowingly, voluntarily or intelligently made because the trial court failed to inform him at the time of his plea that he was subject to a mandatory term of postrelease control after release from prison. At the time of his plea, conviction of a second degree felony required imposition of a mandatory three-year term of postrelease control. R.C. 2967.28(B)(2). *Page 4 
 {¶ 10} Crim. R. 11(C)(2)(a) provides:
 {¶ 11} "(C) Pleas of guilty and no contest in felony cases
 {¶ 12} "* * *
 {¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 15} In State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, the Ohio Supreme Court considered a challenge to the validity of a guilty plea based upon the trial court's failure to disclose mandatory postrelease control during the Crim. R. 11 colloquy. The court ruled that where the trial court failed to mention postrelease control at all during a plea colloquy and the sentence for the offense included a period of mandatory postrelease control, such a failure constituted a complete failure to comply with the requirements of Crim. R. 11(C)(2)(a). Sarkozy at ¶ 22. The court ruled that under such circumstances a reviewing court must vacate the plea and remand the case to the trial court. Sarkozy
at paragraph two of the syllabus.
 {¶ 16} Where there has been some discussion of postrelease control during the plea colloquy, the Sarkozy court recognized that a substantial compliance analysis under *Page 5 
Crim. R. 11 and a corresponding analysis of prejudice are required to determine the validity of the plea. Sarkozy at ¶ 19-23. A substantial compliance analysis involves review of the "totality of the circumstances surrounding [the defendant's] plea" and a determination of "whether he subjectively understood [the effect of his plea]."Sarkozy at ¶ 20, quoting State v. Griggs, 103 Ohio St.3d 85, 2004
Ohio-4415, ¶ 12.
 {¶ 17} The issue of whether there has been substantial compliance with the requirements of Crim. R. 11(C)(2)(a) with respect to disclosures of postrelease control where the plea was made pursuant to a written plea agreement has been frequently addressed by this court. See State v.Fleming, 6th Dist. No. OT-07-024, 2008-Ohio-3844; State v. Torres, 6th Dist. No. L-07-1036, 2008-Ohio-815; State v. Reed, 6th Dist. No. L-06-1130, 2007-Ohio-4087; State v. Bach, 6th Dist. No. L-04-1326,2005-Ohio-4173; State v. Lamb, 156 Ohio App.3d 128, 2004-Ohio-474. Such an analysis requires a consideration of the totality of the circumstances and particularly a review of the Crim. R. 11 plea colloquy.
 {¶ 18} Appellant has not filed a transcript of the plea hearing. On this record we cannot determine whether the trial court referred to postrelease control at all during the plea hearing. We also cannot consider the nature of the plea colloquy as part of the totality of the circumstances. Due to lack of a transcript of the plea hearing, we must presume the regularity in the hearing. State v. Martinez, 6th Dist. No. WD-06-003, 2007-Ohio-3575, ¶ 14; State v. Cook, 6th Dist. No. WD-06-029,2005-Ohio-1550, ¶ 10. *Page 6 
 {¶ 19} In the judgment entry overruling appellant's motion challenging postrelease control, the trial court referred to the written plea agreement upon which the no contest plea was based. The court concluded that the January 5, 1999 plea agreement "outlined the terms of post release control." The signed plea form is part of the record and correctly describes the mandatory terms of postrelease control for second degree felonies and discretionary terms of postrelease control for fourth degree felonies. Appellant signed the plea form on January 5, 1999, the day of the plea hearing.
 {¶ 20} Evidence is lacking on this record to conclude that appellant's no contest plea was not knowingly, voluntarily and intelligently made or that there was not substantial compliance with Crim. R. 11(C)(2)(a). We find that appellant's Assignment of Error No. A is not well-taken.
 {¶ 21} In appellant's second assignment of error, appellant contests the validity of a nunc pro tunc order of April 13, 2006, that, if valid, would modify the terms of the February 3, 1999 sentencing judgment entry. Before considering that issue, we first address the validity of the original sentencing entry, filed on February 3, 1999.
 {¶ 22} At the time of the sentencing in 1999, R.C. 2929.19(B)(3)(c) required that a court sentencing an offender for a second degree felony "notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release from prison." R.C. 2929.19(B)(3)(d) required courts sentencing offenders of fourth degree felonies to "notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code may be imposed *Page 7 
following the offender's release from prison." R.C. 2929.19(B)(3)(e) also required notice of the sanctions that may be imposed for violations of postrelease control.
 {¶ 23} In Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, the Ohio Supreme Court considered the language necessary to provide notice of postrelease control in sentencing entries. The court held that sentencing entries were sufficient if they "afford notice to a reasonable person that the courts were authorizing postrelease control as part of each * * * sentence." Id at ¶ 51.
 {¶ 24} In State v. Blackwell, 6th Dist. No. L-06-1296, 2008-Ohio-3268, this court considered identical wording of a sentencing judgment entry as employed in the February 3, 1999 judgment entry in this case. The entry stated that notice under R.C. 2929.19(B)(3) was provided to the defendant. The entry made no reference to R.C. 2967.28 and did not employ the term postrelease control.
 {¶ 25} The defendant in State v. Blackwell argued that the language used in the sentencing entry was deficient in that it failed to inform him that he was subject to postrelease control under R.C. 2967.28. Id. at ¶ 14. We ruled that a sentencing judgment entry specifically stating that the defendant was notified pursuant to R.C. 2929.19(B)(3) was sufficient because the version of R.C. 2929.19(B)(3) in effect at the time of judgment itself required notice of supervision under R.C. 2967.28. Id. at ¶ 15.
 {¶ 26} At the time of the 1999 judgment entry in this case, R.C. 2929.19(B)(3)(c) required a court "to notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release *Page 8 
from prison" where the offender is sentenced for a second degree felony. Notice under R.C. 2929.19(B)(3), therefore, included required notice of imposition of postrelease control under R.C. 2967.28.
 {¶ 27} Accordingly, pursuant to our decision in State v.Blackwell, we find that the 1999 judgment entry met the statutory requirements to incorporate notice of postrelease control into the sentencing judgment entry. It is therefore unnecessary for this court to consider whether the subsequent modification of the entry in 2006 (to provide additional notice of postrelease control) was valid. We decline to consider the validity of the subsequent nunc pro tunc entry as the issue is moot. App. R. 12(A)(1)(c). We find that appellant's Assignment of Error No. B is not well-taken.
 {¶ 28} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 9 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] The record reflects that immediately upon sentence appellant was transferred from the Lucas County Jail to the custody of the Ohio Department of Rehabilitation and Correction on February 4, 1999, to serve the four year prison term. The sentencing entry credited appellant with 116 days served. There is no basis in the record to question appellant's assertion that he had served his four year prison term before issuance of the April 2006 nunc pro tunc entry, seven years later. *Page 1