[Cite as *State v. Lonero*, 2016-Ohio-1113.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                     Court of Appeals No. L-14-1229

     Appellee             Trial Court No. CR0200501437

v.

Richard Lonero              **DECISION AND JUDGMENT**

     Appellant            Decided: March 18, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender and Eric M. Hedrick,
Assistant State Public Defender, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 30, 2014 judgment of the Lucas County

Court of Common Pleas, denying appellant's motion to terminate postrelease control in

connection to appellant's 2005 convictions on two counts of the rape of a child under the

age of 13, and two counts of gross sexual imposition. Appellant was sentenced to a total term of incarceration of nine years, followed by a five-year term of postrelease control. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Richard Lonero, sets forth the following assignment of error:

The trial court erred when it found that its sentencing entry, which did not include a definite term or mandatory language regarding post release control, properly imposed post release control on Mr. Lonero.

{¶ 3} The following undisputed facts are relevant to this appeal. On March 2, 2005, appellant was indicted on four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree, and four counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, in connection to a series of sexual offenses against a victim under the age of 10. The incidents transpired on multiple occasions spanning from approximately February 1, 2004, until February 22, 2005.

{¶ 4} On August 26, 2005, appellant pled guilty to two amended counts of gross sexual imposition and two amended counts of the rape of a child under the age of 13. The remaining charges were dismissed. Appellant was sentenced to a total term of incarceration of nine years, as well as postrelease control.

{¶ 5} On February 26, 2014, appellant was released from incarceration and a five-year term of postrelease control commenced. On August 14, 2014, appellant filed a motion to terminate postrelease control. In support, appellant alleged that the underlying sentencing entry was defective and warranted the cessation of postrelease control. In

2.

support, appellant claimed postrelease control must be terminated because the sentencing entry did not state the precise duration or term of postrelease control. We do not concur. The sentencing entry set forth in relevant part, "Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28."

{¶ 6} In the sole assignment of error, appellant contends that his postrelease control should be terminated based upon the lack of specificity by the trial court in the written sentencing entry pertaining to the duration and mandatory nature of postrelease control. For clarity, appellant does not dispute that he was properly advised verbally of the mandatory five years of postrelease control during the sentencing hearing.

{¶ 7} We note that the underlying dispute in this matter is governed by this court's ruling set forth in *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831 (6th Dist.). In *Murray*, it was similarly alleged that the imposition of the postrelease control sanction was defective. In addition, the cases are further analogous in that both involve appellants who failed to furnish full sentencing transcripts in support of appeals alleging trial court error in those sentencings.

{¶ 8} In *Murray*, this court clearly stated, "Our court has released numerous cases holding that a simple reference to the applicable statutes is sufficient to give the offender the required notice that the court authorized a post-release control sanction." *Murray* at ¶ 24. Significantly, this court further held that because appellants failed to incorporate into the record a full transcript of the sentencing hearing, "[W]e must presume the

3.

propriety of that hearing and find that appellant was properly notified of post-release control at the sentencing hearing." *Id.* at ¶ 25.

{¶ 9} Based upon the foregoing, we find that pursuant to *Murray*, in conjunction with the record in the instant case reflecting the requisite reference to the applicable statutes, appellant received the proper notice of postrelease control.

{¶ 10} Wherefore, we find appellant's assignment of error to be not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
               JUDGE
Thomas J. Osowik, J.
CONCUR.         _____
               JUDGE

Arlene Singer, J.      _____
CONCURS AND WRITES     JUDGE
SEPARATELY.

**SINGER, J.**

{¶ 11} I write separately to concur in the judgment; however, I am compelled to express my disagreement with our holding in *State v Murray*, 2012-Ohio-4996, 979 N.E.2d 831 (6th Dist.).

{¶ 12} In *Murray*, this court thoroughly and thoughtfully reviewed our prior decisions whether or not a sentencing judgment entry must include the terms of the postrelease control sanction given, or if a simple reference within the judgment entry is sufficient notice.

{¶ 13} Our court has released numerous cases holding a simple reference to the applicable statutes is sufficient to give the offender the required notice that the court authorized a postrelease control sanction. *State v. Tribue*, 6th Dist. Lucas Nos. L-10-1250, L-10-1251, 2011-Ohio-4282, ¶ 11; *State v. Rossbach*, 6th Dist. Lucas No. L-09-1300, 2011-Ohio-281, ¶ 106-108; *State v. Maddox*, 6th Dist. Lucas No. L-09-1237, 2010-Ohio-1476, ¶ 15; *State v. Milazo*, 6th Dist. Lucas No. L-07-1264, 2008-Ohio-5137, ¶ 3, 27; and *State v. Blackwell*, 6th Dist. Lucas No. L-06-1296, 2008-Ohio-3268, ¶ 15. In *State v. Helms*, 6th Dist. Lucas No. L-10-1079, 2010-Ohio-6520, ¶ 12, however, we held *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, requires that the judgment entry must specifically reference the term of postrelease control imposed. I would have found our decision in *State v. Helms*, *supra*, was correct.

5.

**{¶ 14}** I believe that requiring the judgment entry to specifically set forth the terms of the postrelease control erases all doubt to claims of lack of notice, whether or not the sentencing transcript is filed in the record or not, without remanding to the trial court for a nunc pro tunc entry if, in fact, the required notice was given verbally during sentencing.

**{¶ 15}** However, following precedent as set forth in *Murray,* I concur.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.