[Cite as *State v. Bracey*, 2018-Ohio-618.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                      Court of Appeals No. S-16-025

  Appellee                                   Trial Court No. 15 CR 792

v.

Karnell L. Bracey                             **DECISION AND JUDGMENT**

  Appellant                                  Decided:  February 16, 2018

* * * * *

Karin L. Coble, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Karnell L. Bracey, appeals the June 1, 2016 judgment of the Sandusky County Court of Common Pleas, in which he was sentenced to three years incarceration for robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. Finding no error, we affirm.

## Background

{¶ 2} Appellant and two codefendants forced their way into an apartment and committed a robbery. Appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree.

{¶ 3} Appellant entered a not guilty plea to the aggravated burglary charge. Appellant's trial counsel was also appointed to represent a codefendant. As a result of the potential conflict of interest, appellant requested new trial counsel.

{¶ 4} New counsel was appointed and appellant maintained his not guilty plea. Appellant later withdrew this plea and, on March 30, 2016, entered a plea of guilty to the lesser included offense of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree.

{¶ 5} At the plea hearing, and based on the written agreement memorializing his plea, appellant was informed of the effects and nature of his plea, was informed of the rights waived by his plea, and confirmed his plea was entered into voluntarily and without coercion.

{¶ 6} The court accepted appellant's plea, ordered a presentence report, and scheduled a sentencing hearing. At the hearing, appellant was sentenced to 36 months incarceration. The court informed appellant that the sentence was necessary and appropriate in light of the seriousness of the offense and his criminal history. The sentencing judgment was journalized June 1, 2016. Appellant timely appealed.

**{¶ 7}** His first appellate counsel filed a no-error brief and request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and 6th Dist.Loc.App.R. 10(G). *See State v. Bracey*, 6th Dist. Sandusky No. S-16-025, 2017-Ohio-4334, ¶ 1. However, counsel failed to file a transcript we found necessary to conduct a full examination of the proceedings and to decide if the appeal was indeed frivolous. *Id*. at ¶ 2. As a result, we issued an order to appoint new counsel who was to file the necessary record and a new appellate brief for appellant. *Id*. at ¶ 3.

### *Anders* **Brief**

**{¶ 8}** On July 27, 2017, appellant's new counsel filed a no-error brief and request to withdraw pursuant to *Anders*. Counsel asserts, after thoroughly reviewing the transcript of proceedings in the trial court and the applicable case law, no meritorious assignments of error exist. Counsel did submit these two potential assignments of error:

1. Appellant's plea was unknowing and involuntary.

2. The trial court, in imposing incarceration for the offense, failed to properly consider the relevant sentencing statutes and the sentence is not supported by the record.

**{¶ 9}** The state did not respond and, thus, waived argument. The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). *See also* 6th Dist.Loc.App.R. 10(G).

3.

{¶ 10} In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id*. In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id*. Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id*. If the appellate court determines the argument is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id*.

{¶ 11} Accordingly, we shall proceed with review of the possible errors set forth by appellant's counsel as well as the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 12} Here, we find counsel has satisfied the requirements set forth in *Anders*. Appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with review of the possible errors set forth by appellant's counsel as well as the entire record below to determine if this appeal lacks arguable merit and is, therefore, wholly frivolous. *See Bracey*, 6th Dist. Sandusky No. S-16-025, 2017-Ohio-4334, at ¶ 2.

4.

## 1. Review of Appellant's Plea

{¶ 13} A plea in a criminal case must be made knowingly, intelligently, and voluntarily. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7.

{¶ 14} Crim.R. 11(C) requires an oral dialogue between the trial court and defendant which enables the court to determine fully that the defendant is understanding his rights and the consequences of his plea of guilty or no contest. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8; *State v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976), paragraph two of syllabus.

{¶ 15} With respect to the required colloquy, Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*See* Crim.R. 11(C)(2)(a)-(c). *Accord Veney* at ¶ 8-13.

{¶ 16} "Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim. R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *Id.* at ¶ 13.

{¶ 17} Looking to the record in this case, including the transcript of the plea hearing and the written plea agreement, we find counsel and the court advised appellant of a potential prison term of 9 to 36 months, a potential fine and restitution amount, and a potential imposition of a community control sanction. *See* Crim.R. 11(C)(2)(a). The record reveals appellant was advised of constitutional rights, including the right to jury trial, to confront witnesses, to have compulsory process, to no self-incrimination, and to require proof of the robbery beyond a reasonable doubt. *See* Crim.R. 11(C)(2)(b) and (c).

6.

Further, the record confirms appellant entered the plea on his own free will and choice, and that the prosecutor, bailiff, appellant and counsel all signed the written agreement.

{¶ 18} Based on our review, we find the trial court fully complied with Crim.R. 11. Thus, appellant was not precluded from entering a knowing, intelligent, and voluntary plea.

## 2. Review of the Imposed Sentence

{¶ 19} R.C. 2953.08(G)(2) provides an appellate court may increase, reduce, modify, or vacate a sentence and remand for resentencing where there is clear and convincing evidence the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 20} A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, and imposes a sentence within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

{¶ 21} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes[.]" A trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * *

7.

commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B).

{¶ 22} In carrying out its obligations to impose a sentence consistent with the purposes and principles of sentencing, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further, the court must weigh the factors contained in R.C. 2929.12(D) indicating the likelihood that the offender will commit future crimes against the factors contained in R.C. 2929.12(E) indicating that the offender is not likely to commit future crimes.

{¶ 23} A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 6-13; *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016 Ohio App. LEXIS 2941, *5-9 (June 30, 2016).

{¶ 24} Here, we find the imposition of 36 months incarceration upon appellant is within the confines of law because appellant pled guilty to robbery under R.C. 2911.02(A)(3), a felony of the third degree, which carries a maximum sentence of 36 months. *See* R.C. 2929.14(A)(3)(b).

{¶ 25} Next, we find the maximum sentence was imposed because of the seriousness of the crime and appellant's criminal history. At sentencing, the court

8.

explored the extent of appellant's juvenile record, which was stated to include assaults, domestic violence, resisting arrests, and violations of parole. The court also noted how appellant's adult record included similar violent offenses. The court lastly highlighted appellant's risk of reoffending and history of probation violations. In light of these findings and statements, we conclude the court complied with its obligations under R.C. 2929.11 and 2929.12.

{¶ 26} Lastly, we find the conviction and resulting sentence was supported by sufficient factual basis in the record. R.C. 2911.02(A)(3) states "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another."

{¶ 27} In this case, appellant admitted in open court that he forced his way into an apartment and, in attempting or committing a theft, hit an individual with a bat or baton. Based on these acts, and in consideration of appellant's criminal history, we find the sentence was amply supported in the record and there is no error in that regard.

<b>Frivolousness of Appeal</b>

{¶ 28} Last is our examination of the record to determine whether this appeal is wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Review of the record, including the written plea agreement, the presentence report, and the transcripts of the plea and sentencing hearings, reveals no errors by the trial court which would justify a reversal of the judgment. We find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and is hereby granted.

9.

## Conclusion

{¶ 29} The judgment of the Sandusky County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                   _____

JUDGE

Arlene Singer, J.

_____

Thomas J. Osowik, J.                                   JUDGE

CONCUR.

_____

JUDGE