[Cite as *State v. Wynne*, 2019-Ohio-3504.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1179

      Appellee                                Trial Court No. CR0201703167

v.

Jayvon Wynne                                **DECISION AND JUDGMENT**

      Appellant                              Decided:  August 30, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jayvon Wynne, appeals from the July 30, 2018 judgment of the

Lucas County Court of Common Pleas convicting him of two lesser-included offenses of

felonious assault, a violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second

degree, with one count including a firearm specification, R.C. 2941.145, following

acceptance of his no contest plea. The trial court sentenced appellant to a prison term of eight years, with a mandatory and consecutive prison term of three years pursuant to R.C. 2929.14(C)(1)(a) on Count 1 and a prison term of seven years for Count 2. The two sentences were ordered to be served consecutively. For the reasons which follow, we affirm.

{¶ 2} Appellant asserts the following assignments of error:

I. The Trial Court erred when it accepted a guilty plea [sic] that was not knowingly or intelligently [sic] by Defendant, as to Count one, Breaking and Entering.

II. The Trial Court Abused its Discretion At Sentencing, by Failing to Sentence According to the Law Under R.C. 2929.14.

IIIl. The Trial Court Abused its Discretion At Sentencing, by Failing to Access [sic] all of the factors in accordance with R.C. 2929.12.

{¶ 3} Appellant was indicted on two counts of first-degree felonious assault, R.C. 2903.11(A)(2), (D), with firearm specifications that appellant displayed, brandished, indicated the possession of, or used a firearm, R.C. 2941.145(A), (B) and (C), and that appellant discharged a firearm from a motor vehicle, R.C. 2941.147(A), (B) and (D). Appellant was also indicted on one count of improperly handling firearms in a motor vehicle, R.C. 2923.16(B) and (I), a fourth-degree felony. A negotiated plea agreement led to appellant ultimately pleading no contest to reduced charges of two second-degree felonious assault offenses with only one count of carrying a firearm specification.

2.

{¶ 4} In his first assignment of error, appellant argues his plea was not knowingly and intelligently made because he was not aware of the maximum penalty associated with the plea.

{¶ 5} A no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748, ¶ 39; *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) protects the defendant's rights by mandating that a trial court conduct a hearing with a personal colloquy with the defendant, make specific determinations and give specific warnings required by Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13.

{¶ 6} Crim.R. 11 requires that the court determine "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). Furthermore, the court must determine the defendant entered a voluntary plea in light of an understanding of these key facts. The reviewing court must find the trial court either expressly informed the defendant of these facts or that the totality of the circumstances would support the trial court's determination the defendant understood these facts prior to entering the plea. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d

474 (1990); *State v. Torres*, 6th Dist. Lucas No. L-07-1036, 2008-Ohio-815, ¶ 31; *State v. Milazo*, 6th Dist. Lucas No. L-07-1264, 2008-Ohio-5137, ¶ 17.

{¶ 7} At the plea hearing in the case before us, the state asserted that it had evidence to establish the following facts beyond a reasonable doubt. On December 6, 2017, defendant shot at Officer Cairl and attempted to shoot at Detective Poole. This incident arose out of a prior shoot-out on the city streets involving the same vehicle appellant was driving. As a result of the prior incident, the police were conducting a surveillance of a motel in Oregon on December 6 and officers were in the process of obtaining a search warrant when appellant and two other individuals entered the aforementioned vehicle and drove away. At that time, the officers did not know the names of the people involved. Members of the special intelligence group were running the operation with the assistance from the SWAT and gangs units. The officers followed the vehicle from Oregon, onto the highway, and finally to a carryout on Monroe Street. One or more of the three individuals exited the vehicle, went into the carryout, and returned to the vehicle. As the vehicle started to back out from the parking spot, the police blocked the vehicle with their cars. Detective Cairl's vehicle blocked appellant's vehicle from the front and Detective Poole's vehicle, followed by two additional police vehicles, blocked appellant's vehicle from the rear. As Detective Cairl exited his vehicle, shots were immediately fired at him, which hit the front windshield on the driver's side. Another shot hit the driver side window. It was believed appellant reached out of the vehicle and shot twice and the bullets hit the hood of the officer's vehicle and ricocheted

4.

up to strike the windows. Seconds later, appellant, as well as another occupant, made their way from the vehicle into the parking area and were fleeing. When they encountered Detective Poole, the occupant raised his gun at Detective Poole, who returned fire, striking the occupant. Appellant, who had already been hit by the return shots fired by Detective Cairl, raised his gun as well, but dropped it when ordered to do so. Afterward, appellant indicated that he did not know the other men were undercover police officers. Appellant's weapon was tested and found to be operable.

{¶ 8} Since the victims were undercover officers, the state agreed to reduce the charges to second-degree felonies, with one three-year firearm specification. The remaining charges would be dismissed.

{¶ 9} The court proceeded to examine appellant and summarize the plea agreement and the maximum sentences that could be imposed. At that time the court inquired of appellant's counsel whether he agreed that no merger would occur because each offense involves a separate active shooting. The attorney indicated he had not discussed this aspect with appellant and that at that stage was not willing to acknowledge that the offenses would not merge. He preferred to address it by a written motion prior to the sentencing date. For purposes of the plea, the court indicated that appellant only needed to understand that if merger did not apply, the court could impose consecutive sentences. But, if merger applied, the state would be required to make an election between the offenses for purposes of sentencing. Appellant acknowledged that he understood.

5.

{¶ 10} Appellant asserts on appeal that after the trial court indicated the two sentences could be run consecutively and the total amount of time appellant could serve, he was unable to question his counsel about the matter prior to the trial court's acceptance of the plea.

{¶ 11} We find appellant's argument lacks merit. No ruling was made on the matter of merger at the time of the plea hearing. However, the court informed appellant of the maximum sentence he could serve if the sentences were not merged. Appellant acknowledged that he understood the matter. He did not indicate any desire to speak further with counsel. He cannot now claim he did not understand and should have been able to speak with his attorney about the matter.

{¶ 12} Therefore, we find the trial court did not err in accepting appellant's no contest plea. Appellant's first assignment of error is not well-taken.

{¶ 13} In his second and third assignments of error, appellant argues the trial court erred as a matter of law by sentencing him without considering the overriding purposes of felony sentencing, R.C. 2929.11(A), and by imposing a sentence reasonably calculated to achieve those purposes, R.C. 2929.11(B). He further asserts the trial court did not consider all of the seriousness and recidivism factors indicated in R.C. 2929.12. He asserts the court did not properly consider the fact that appellant had not known he was shooting at undercover police officers.

{¶ 14} The prosecution argued it had already agreed to reduce the charges to second-degree felonies because of this fact.

6.

**{¶ 15}** Our standard of review is limited by R.C. 2953.08(G) to whether there is clear and convincing evidence that the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) are supported by the record and whether the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23. The trial court must comply with the statutory policies governing felony sentencing set forth in R.C. 2929.11 (the principles and purposes of felony sentencing) and R.C. 2929.12 (the seriousness and recidivism factors) to determine if a prison term is consistent with the principles and purposes of sentencing. The court may then impose any sentence, so long as it is within the sentencing range for the degree of felony involved. R.C. 2929.14(A). The court is not required to give findings or reasons before imposing the sentence, whether it is the maximum or more than the minimum sentence allowed under law. *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Martin*, 6th Dist. Sandusky No. S-18-024, 2019-Ohio-2659, ¶ 10. Furthermore, when the trial court does not expressly state the statutory sections or factors, we may "presume the trial court gave proper consideration to those statutes" unless the defendant establishes otherwise. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4, *abrogated in part on other grounds by Marcum* at ¶ 18; *State v. Bracey*, 6th Dist. Sandusky No. S-16-025, 2018-Ohio-618, ¶ 23, citing *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 13.

**{¶ 16}** In this case, while the trial court did not recite the applicable statutory sections or the statutory factors, it is clear the court considered the fact that appellant

7.

fired a weapon allegedly not knowing the police were involved. The court noted appellant may not have heard the officers yelling "police" because he was busy shooting at them. The court found appellant's conduct represented an intolerable attitude that he was justified to start shooting if someone blocked his car. The court found this attitude represented an unacceptable lawlessness and anti-social behavior that justified the court's imposition of the maximum sentences.

{¶ 17} Upon a review of the sentences imposed, we find the trial court did consider the fact that appellant allegedly did not know he was shooting at undercover police officers. Therefore, we find the trial court did not err as a matter of law by imposing maximum sentences. Appellant's second and third assignments of error are not well-taken.

{¶ 18} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.                        _____
CONCUR.                                                   JUDGE

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.