[Cite as *State v. Acosta*, 2016-Ohio-5698.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-15-066

     Appellee                                   Trial Court No. 2015CR0119

v.

Michael Acosta                                   **DECISION AND JUDGMENT**

     Appellant                                  Decided:  September 2, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Alyssa M.
Blackburn and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Stephen D. Long, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Michael Acosta, appeals from the October 8, 2015 judgment of

the Wood County Court of Common Pleas accepting appellant's guilty plea to and

convicting him of attempted felonious assault and sentencing him to 18 months of

imprisonment.

{¶ 2} Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's appointed counsel has filed an appellate brief and motion to withdraw as counsel. He mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief, but he did not do so.

{¶ 3} Appellant's counsel states in his motion that he thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of *Anders*, appellant's counsel has submitted a brief setting forth two potential assignments of error, but he concludes that they are unsupported by the record and/or by the law.

{¶ 4} First, appellant's counsel considered a potential assignment of error related to whether appellant entered a knowing, intelligent, and voluntary guilty plea at the Crim.R. 11 hearing. However, he concluded the argument would be frivolous.

{¶ 5} Appellant was indicted on charges of felonious assault and abduction. The day before trial, a Crim.R. 11 plea hearing was held. The state was prepared to present witnesses who would testify that when police responded to a domestic dispute dispatch on March 9, 2015, the victim came running out of the house. She stated to the police she had been taking a bath when appellant hit her in the face, attempted to tie her up, choked her, and threaten to kill her. The police observed that the victim was bruised, had blood in her eye and on her face, and there was blood in the sink. At the hearing, appellant withdrew his not guilty plea and entered a guilty plea to a single reduced charge of attempted felonious assault with an agreed sentence of 18 months imprisonment. The

2.

trial court accepted the plea. Appellant was convicted and sentenced to 18 months of imprisonment.

{¶ 6} A guilty or no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Therefore, before accepting a plea of guilty or no contest to a felony offense, Crim.R. 11(C)(2) requires that a trial court conduct a hearing with a personal colloquy with the defendant, make specific determinations and give specific warnings required by Crim.R. 11(C)(2)(a) and (b), and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c) that he would be waiving. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13.

{¶ 7} Whether the rights involved are constitutional or non-constitutional, literal compliance with Crim.R. 11(C) is the proper means to ensure that a defendant's guilty or no contest plea is knowingly, intelligently, and voluntarily made. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30; *Veney* at ¶ 14. When there is not literal compliance, the reviewing court must determine if the trial court fulfilled the purposes of the rule. *Clark*. If the court did not, the appellate court must also determine the significance of the failure and the remedy. *Id*.

{¶ 8} Because the defendant gives up significant constitutional rights by entering a guilty or no contest plea, the trial court must *strictly* comply with Crim.R. 11(C)(2) and inform the defendant personally regarding federal constitutional rights he waives by

3.

entering a guilty or no contest plea or the reviewing court will presume the plea was not knowingly, intelligently, and voluntarily made. *Veney* at ¶ 7; *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). The acceptable level of compliance is lower for non-constitutional rights. For those rights, the reviewing court must find the trial court *substantially* complied with the rule. *Clark* at ¶ 31-32. If the trial court deviated from literal compliance with the rule, the reviewing court must confirm that the trial court *substantially* complied by finding the record demonstrates the defendant "subjectively under[stood] the implications of his plea and the rights he was waiving" from the "totality of the circumstances." *Id*. at ¶ 31, quoting *Nero at* 108, *Veney* at ¶ 15.

{¶ 9} If the reviewing court determines the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), it must then consider whether the trial court *partially* complied or *completely failed* to comply with the rule. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at ¶ 31-32. The appellate court will not invalidate a plea where the trial court partially complied with Crim.R. 11(C) unless appellant has also demonstrated he was prejudiced by the court's action. *Id*. However, if there is no compliance with the rule at all, the defendant does not need to show prejudice and the plea must be vacated. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 25.

{¶ 10} Civ.R. 11(C)(2) requires that the court determine "the defendant is making the plea voluntarily, with understanding of the * * * the maximum penalty involved * * *." Crim.R. 11(C)(2)(a). The rule requires, therefore, that the court determine the

4.

defendant entered a voluntary plea in light of an understanding of these key facts, not that the court personally notify the defendant of these facts. Therefore, the reviewing court must find the totality of the circumstances would support the trial court's determination the defendant understood these facts prior to entering the plea. *Nero*, 56 Ohio St.3d at 108-109, 564 N.E.2d 474; *State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, ¶ 20; *State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231, ¶ 39; *State v. Torres*, 6th Dist. Lucas No. L-07-1036, 2008-Ohio-815, ¶ 38-44; *State v. Milazo*, 6th Dist. Lucas No. L-07-1264, 2008-Ohio-5137, ¶ 17; *State v. Abuhashish*, 6th Dist. Wood No. WD-07-048, 2008-Ohio-3849, ¶ 34-35. *Compare Sarkozy* at ¶ 19-22 (plea vacated without the need to show prejudice where trial court did not mention postrelease control and there was a complete failure to notify defendant of the maximum sentence.) The constitution does not require that a defendant be informed of the potential maximum and minimum sentence he could obtain in order to enter a knowing, intelligent, and voluntary plea. *State v. Johnson*, 40 Ohio St.3d 130, 133, 532 N.E.2d 1295 (1988). Therefore, the right to know the potential maximum sentence is a non-constitutional right.

{¶ 11} Appellate counsel first considered whether the trial court erred when it did not inform appellant of the maximum possible sentence appellant faced. We agree this argument lacks merit. The written plea agreement clearly stated the maximum sentence which could have been imposed. At the Crim.R. 11 hearing, appellant's trial attorney stated he discussed the plea agreement with appellant. Appellant acknowledged to the

5.

trial court that he had read the plea agreement, signed it, and understood the information. Considering the totality of the circumstances, we find there is no basis for arguing the trial court did not substantially comply with Crim.R. 11(C)(2)(a) when it determined that appellant knew the potential maximum sentence which could be imposed.

{¶ 12} Furthermore, a trial court is required by Crim.R. 11(C)(2)(c) to notify the defendant, and determine he understands the constitutional rights waived by entering the plea: "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." The right to waive a jury trial in favor of a bench trial, pursuant to R.C. 2945.05, is a statutory (non-constitutional) right. *State v. Bell*, 2d Dist. Montgomery No. 24356, 2011-Ohio-5016, ¶ 17.

{¶ 13} In the case before us, appellant's attorney argues the trial court informed appellant he was waiving his right to a jury trial, but it did not inform appellant that he was also waiving his right to a bench trial. The plea agreement did include a statement that appellant was waiving both his right to a "jury trial or court trial."

{¶ 14} First, we find Crim.R. 11(C)(2)(a) does not require the court to inform the defendant that a guilty plea will result in the waiver of a right to a bench trial. Second, any ambiguity in the court's language explaining the effect of entering a guilty plea is clarified by the plea agreement, which appellant acknowledged he understood.

6.

Therefore, this proposed error could not be a basis for vacating the plea. Finally, appellant did not file a brief in response to notice of his appellate counsel's filing of an *Anders*' brief and has not presented an argument of prejudice. *State v. Ramey*, 7th Dist. Mahoning No. 13 MA 64, 2014-Ohio-2345, ¶ 18.

{¶ 15} Therefore, we agree that the first proposed assignment of error lacks merit.

{¶ 16} In his second potential assignment of error, appellant's attorney identified a possible error regarding whether the trial court erred by not allowing appellant to withdraw his guilty plea. Appointed counsel concluded the argument is not supported by the record.

{¶ 17} There is no absolute right to withdraw a guilty plea after conviction, but prior to sentencing, *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus, and the matter is left to the sound discretion of the trial court, which is in the better position to evaluate both the motivation of the defendant in pleading guilty and the credibility and weight to be given to the reasons for seeking to withdraw the plea. *Id*. at paragraphs one and two of the syllabus. An appellate court will not reverse the trial court's denial of the motion unless the defendant can establish that the trial court abused its discretion. *Id*. at 525. An abuse of discretion standard requires a finding that the trial court committed "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

7.

**{¶ 18}** Crim.R. 32.1 gives no criteria for determining when withdrawal of a plea is justified. However, the Ohio Supreme Court has held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie* at 527. Appellate courts evaluate the trial court's decision based upon the following considerations:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Murph*y, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39 (6th Dist.), citing *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001).

A change of heart is an insufficient reason to permit withdrawal of the plea. *State v. Williams*, 6th Dist. Lucas Nos. L-15-1259, L-15-1260, 2016-Ohio-4905, ¶ 13 (citations omitted).

**{¶ 19}** Appellant's plea was accepted on June 2, 2015, and sentencing was scheduled for June 30, 2015. On the day of sentencing, appellant orally moved to

8.

withdraw his plea and a hearing was scheduled. At the hearing to withdraw the plea, new counsel was appointed to represent appellant.

{¶ 20} At the time of the plea, appellant acknowledged he was satisfied with his appointed counsel's representation. Appellant testified he had understood his rights during the plea hearing and he had not been under the influence of alcohol or elicit substances at the time nor a mental distress disorder at the time of the plea.

{¶ 21} After the guilty plea had been entered, appellant sought to withdraw his plea asserting his appointed counsel had not investigated a witness who could have provided testimony contrary to the victim. His attorney also had not investigated an incident appellant was aware of which could have damaged the victim's credibility. Appellant believed he had a meritorious defense to the crime.

{¶ 22} The state argued that there was no basis for withdrawal of the plea. The court also noted the state had dismissed a count in exchange for the plea, which could have added an additional three years of incarceration. Furthermore, the negotiated plea reduced appellant's sentence from a potential eight years to 18 months. The court noted appellant's prior appointed counsel was very experienced and competent.

{¶ 23} We agree with appellate counsel there is no basis for arguing the trial court abused its discretion by denying the motion to withdraw the plea. Considering the factors above, we find that although the state did not allege it would be prejudiced by withdrawal of the plea, appellant failed to demonstrate a sufficient basis for withdrawing his plea.

9.

{¶ 24} While appellant stated he was dissatisfied with his trial counsel's failure to investigate a defense witness, appellant produced no evidence to support a finding that this witness would have provided exculpatory evidence or that his trial counsel did not investigate the case thoroughly. While appellant asserts that he was not guilty and had a complete defense to the charge, he did not support that allegation with any evidence. Appellant identified a witness whom he said could exonerate appellant, but there was no evidence that the witness was willing to testify or could be located.

{¶ 25} Furthermore, the trial court was satisfied that appellant's counsel was very competent. Appellant had not complained of his counsel's representation at the time of the plea hearing and all of the facts appellant alleged were not investigated were known at that time. The trial court concluded that appellant's counsel had been able to negotiate a plea to reduce appellant's sentence from a potential eight years of imprisonment to 18 months.

{¶ 26} The Crim.R. 11 hearing was properly conducted and appellant had an opportunity to raise any issues he desired. Appellant indicated that he understood the nature of the charges and potential sentences. At the hearing on the motion to withdraw, new counsel was appointed to represent appellant and he was also given ample opportunity to support his oral motion to withdraw the plea. We find the trial court gave full and fair consideration to the motion.

{¶ 27} Therefore, we agree with appellate counsel the second proposed assignment of error lacks merit as well.

10.

**{¶ 28}** Finally, this court has the obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record does not disclose any errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.

**{¶ 29}** Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                    JUDGE

Arlene Singer, J. _____

Thomas J. Osowik, J.             _____
CONCUR.                                             JUDGE

_____
                                                   JUDGE

11.