[Cite as *State v. Hale*, 2016-Ohio-7522.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                           Court of Appeals No.  H-15-021

        Appellee                                       Trial Court No.  CRI-2015-0118

v.

Curtis M. Hale                                         **<u>DECISION AND JUDGMENT</u>**

        Appellant                                      Decided:  October 28, 2016

* * * * *

John M. Felter, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Huron County Court of Common Pleas.  In this case, the court accepted appellant's guilty plea to a violation of R.C. 2925.11(A)(C)(6)(a), Possession of Heroin, a felony of the fifth

degree, R.C. 2925.03(A)(2)(C)(6)(d), Trafficking in Heroin, a felony of the third degree, and to R.C. 2923.24(A), Possession of Criminal Tools, a felony of the fifth degree.

{¶ 2} The remaining two counts of the indictment were dismissed.

{¶ 3} Appellant was sentenced to serve a period of incarceration of 12 months on Count 1, possession of heroin, 36 months on Count 2, trafficking in heroin, and 12 months on Count 5, possession of criminal tools. The court further ordered that the sentences imposed in Count 1 and Count 2 were to be served consecutively and Count 5 was to run concurrently, for a total of 48 months in prison.

{¶ 4} Appellant was also ordered to pay costs.

{¶ 5} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

2.

{¶ 6} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a *pro se* brief on his own behalf in this appeal. Appellee state of Ohio has not filed a responsive brief.

{¶ 7} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Huron County Court of Common Pleas as well as the briefs filed by counsel. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 8} Counsel refers to several possible, but ultimately indefensible assignments of error:

1. The trial court erred by not properly arraigning the Defendant/Appellant.

2. The trial court erred by accepting the Defendant/Appellant's guilty plea.

3. The trial court erred by imposing consecutive sentences on Defendant/Appellant.

4. The trial court erred by failing to merge Counts One (1) and Two (2).

5. Defendant/Appellant was denied effective assistance of counsel.

{¶ 9} Counsel argues as a possible assignment that appellant was not properly arraigned and there may have been defects with regard to time, place or manner of service. However, the record reflects that appellant was appointed counsel at his arraignment and acknowledged receipt of the indictment at least 24 hours prior to his first court appearance and further, waived any reading of the charges and entered pleas of not guilty to all of the charges. Appellant ultimately entered pleas of guilty to three counts and the remaining counts were dismissed. Counsel is correct in asserting that when a defendant enters a guilty plea, his appellate issues are limited to attacking the voluntary, knowing, and intelligent nature of the plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist.1991). Therefore, the first proposed assignment of error is found not well-taken.

{¶ 10} Counsel's next proposed assignment of error concerns the acceptance of appellant's guilty plea. A guilty or no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Therefore, before accepting a plea of guilty or no contest to a felony offense, Crim.R. 11(C)(2) requires that a trial court conduct a hearing with a personal colloquy with the defendant, make specific determinations and give specific warnings required by Crim.R. 11(C)(2)(a) and (b), and

4.

notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c) that he would be waiving.  *State v. Acosta*, 6th Dist Wood No. WD-15-066, 2016-Ohio-5698.

{¶ 11} The transcript of the June 29, 2015 plea hearing establishes that the trial court engaged in a full and complete colloquy with the appellant concerning his pleas as required by Crim.R.11(C) (2).  Based upon this fact, we find the second proposed assignment of error not well taken.

{¶ 12} Counsel further presents as a third potential assignment of error the imposition of consecutive sentences.  Before imposing consecutive sentences, a trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that one of the circumstances listed at R.C. 2929.14(C)(4)(a), (b), (c) existed.

{¶ 13} Specifically, R.C. 2929.14( C) (4) provides:

(4)  If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} Both the transcript of the sentencing proceeding of August 12, 2015 and the sentencing judgment entry establish that the trial court found that a consecutive sentence was necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  Further, the court specifically found that at least one of the offenses were committed while the appellant was under a community control sanction from Richland County, Ohio and that the criminal history of the appellant was extensive.

6.

{¶ 15} Upon review of the record, we agree with appellant's counsel and find this proposed assignment to be meritless.

{¶ 16} Another proposed assignment of error is whether the trial court should have merged Count 1 and Count 2. However, Count 1 of the indictment alleges that the possession of heroin occurred on October 11, 2013. In Count 2 it is alleged that the appellant engaged in trafficking in heroin on February 11, 2015. The dates of these offenses are over 16 months apart. Counsel is correct in his conclusion that the doctrine of merger does not apply where the offenses occurred in such remote time. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 17} Therefore, we agree that this potential assignment of error is likewise meritless.

{¶ 18} Counsel raises one final potential assignment of error that appellant was denied effective assistance of counsel. It is well-established that claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel

7.

guaranteed by the Sixth Amendment of the United States Constitution, and (2) that counsel's deficient performance prejudiced the defense. *Id*. at 687. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case but for the counsel's unprofessional errors. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. The Supreme Court defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. *State v. Chaney,* 6th Dist. Lucas No. L-14-1161, 2015-Ohio-3293.

{¶ 19} We have thoroughly reviewed the record of the proceedings below and can find nothing to establish any deficiency in the performance of appellant's trial counsel. Therefore, this proposed assignment of error is without merit.

{¶ 20} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered the appellant's proposed assignments of error. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

{¶ 21} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                     _____
                                                       JUDGE

Thomas J. Osowik, J.


Stephen A. Yarbrough, J.          _____
CONCUR.                                         JUDGE


                                             _____
                                                       JUDGE

9.