[Cite as *State v. Evans*, 2018-Ohio-430.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-17-1119

        Appellee                              Trial Court No. CR0201701061

v.

Shelton A. Evans                          **DECISION AND JUDGMENT**

        Appellant                            Decided:  February 2, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Khaled Elwardany, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Lucas County Court of Common Pleas.  In this case, the court accepted appellant's plea of guilty pursuant to *North Carolina v. Alford* and was found guilty of domestic violence,

a violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree. The state recommended the imposition of a 24-month period of incarceration.

{¶ 2} Another charge in case No. CR0201701456, felonious assault, was dismissed.

{¶ 3} Appellant was sentenced to serve a period of incarceration of 18 months in prison. Appellant was also found to be reasonably expected to have the ability to pay all or part of the costs of his supervision, confinement, assigned counsel and prosecution and was therefore ordered to pay those costs.

{¶ 4} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

2.

{¶ 5} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief on his own behalf in this appeal. Appellee, the state of Ohio, has filed a responsive brief.

{¶ 6} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Lucas County Court of Common Pleas as well as the briefs filed by counsel. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 7} Counsel refers to two possible, but ultimately indefensible assignments of error:

> 1.  Appellant's plea was unknowing and involuntary.
>
> 2.  The trial court, in imposing incarceration for the offense, failed to properly consider the relevant sentencing statutes and the sentence is not supported by the record.

{¶ 8} Counsel's first proposed assignment of error concerns the acceptance of appellant's guilty plea. A guilty or no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Therefore, before accepting a plea of guilty or no contest to a felony offense, Crim.R. 11(C)(2) requires that

3.

a trial court conduct a hearing with a personal colloquy with the defendant, make specific determinations and give specific warnings required by Crim.R. 11(C)(2)(a) and (b), and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c) that he would be waiving. *State v. Acosta*, 6th Dist No. WD-15-066, 2016-Ohio-5698.

{¶ 9} The transcript of the April 12, 2017 plea hearing establishes that the trial court engaged in a full and complete colloquy with appellant concerning his pleas as required by Crim.R.11(C) (2). Appellant understood the nature of an *Alford* plea and answered affirmatively when advised of each of his constitutional rights that he would be forfeiting by not proceeding to trial. He was further appropriately notified of his postrelease control. Based upon this fact, we find the first proposed assignment of error to be meritless.

{¶ 10} Counsel's second potential assignment of error is that the trial court failed to properly consider the relevant sentencing statutes and the sentence is not supported by the record.

{¶ 11} R.C. 2953.08(G) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code."

{¶ 12} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in

4.

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶ 13} The transcript of the April 26, 2017 sentencing hearing establishes that the court had reviewed a presentence investigation report, statements of the victim as well as statements made by counsel and appellant himself. The prosecution noted that the victim continued to suffer concussion symptoms and was under medical care for injuries attributed to this assault.

{¶ 14} The court concluded that it had found appellant not amenable to community control and had considered the principles and purposes of sentencing under R.C. 2929.11 and had further balanced the seriousness and recidivism factors under R.C. 2929.12. These conclusions were also incorporated into the sentencing judgment entry of April 27, 2017.

{¶ 15} A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 16} After a thorough review of the entire record including the pleadings, transcripts and reports made available to the court, we find appellant's second proposed assignment of error not well-taken.

**Conclusion**

**{¶ 17}** We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is deemed wholly frivolous.

**{¶ 18}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE