[Cite as *State v. Collins*, 2024-Ohio-869.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1080

    Appellee                                   Trial Court No.  CR0202202360

v.

Jesse M. Collins                            **DECISION AND JUDGMENT**

    Appellant                                 Decided:  March 8, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Defendant-appellant, Jesse M. Collins appeals the March 2, 2023 judgment of the Lucas County Court of Common Pleas, convicting him of domestic violence and robbery and sentencing him to 30 months on each count, to be served consecutively. More specifically, he claims that the trial court abused its discretion when it denied his presentence motion to withdraw his plea.  For the following reasons, we affirm.

## I. Background

{¶ 2} Jesse Collins was charged in a three-count indictment arising from two incidents. In Count 1, he was charged with domestic violence, a violation of R.C. 2919.25(A), (D)(1), and (D)(4), arising from an August 3, 2022 incident where he was alleged to have dragged his girlfriend across the road. In Counts 2 and 3, he was charged with domestic violence and robbery, a violation of R.C. 2911.02(A)(2) and (B), arising from a July 30, 2022 incident involving the same victim where he was alleged to have taken her cell phone after choking and assaulting her.

{¶ 3} The state engaged in plea discussion with Collins. During the course of those discussions, the state advised Collins (and the court) that it had mistakenly charged Count 3 as a third-degree felony when it intended to charge it as a second-degree felony. Due to speedy-trial considerations and grand-jury availability, the state had until November 10, 2022, to reindict on the robbery charge, and it informed Collins that if a plea agreement was not reached before then, it intended to return to the grand jury to seek an indictment on the elevated charge. On November 9, 2022, Collins entered a plea of guilty to Count 1 and Count 3 (as originally charged) in exchange for dismissal of Count 2 and the state's agreement not to reindict. The trial court accepted Collins's plea and found him guilty. It continued the matter for sentencing on November 23, 2022.

{¶ 4} When the parties appeared for sentencing on November 23, 2022, Collins advised the court that he wished to withdraw his plea, and he filed a boilerplate motion to that effect. The court set the motion for a hearing, which took place on February 24,

2.

2023. The trial court denied Collins's motion in a written decision filed on March 1, 2023. That same day, it sentenced Collins to 30 months in prison on each count, to be served consecutively. Collins's conviction and sentence were memorialized in a judgment journalized on March 2, 2023.

{¶ 5} Collins appealed. He assigns the following errors for our review:

FIRST ASSIGNMENT OF ERROR:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA.

SECOND ASSIGNMENT OF ERROR:

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §10 OF THE OHIO CONSTITUTION.

## II. Law and Analysis

{¶ 6} Collins's assignments of error challenge the trial court's denial of his motion to withdraw his plea and trial counsel's failure to review discovery responses with him before the plea hearing. We consider each of his assignments in turn.

### A. Motion to Withdraw Plea

{¶ 7} In his first assignment of error, Collins argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. Crim.R. 32.1

3.

governs the withdrawal of a plea of guilty or no contest and provides that such motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has recognized that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus.

{¶ 8} While Crim.R. 32.1 does not specify the circumstances under which a presentence motion to withdraw may be granted, Ohio courts typically evaluate nine factors when considering such a motion:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39 (6th Dist.), citing *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001).

A mere change of heart is not a sufficient reason to permit withdrawal of a plea. (Citations omitted.) *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 18.

{¶ 9} Upon the filing of a motion to withdraw a plea, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus. It is then left to the discretion of the trial court whether to allow the defendant to withdraw his or her plea. *Id.* at paragraph two of the syllabus. We will reverse the trial court's decision only where there has been an abuse of that discretion. *Id.* at 527. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 10th Dist. Franklin No. 17AP-742, 2019-Ohio-223, ¶ 13. "An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard." *Id.* quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, 2008 WL 2779511, ¶ 11. And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

### 1. Collins's Testimony at the Hearing on the Motion to Withdraw

{¶ 10} Collins testified at the hearing on his motion to withdraw. He acknowledged that he entered into the plea agreement, understood the questions posed to

5.

him by the trial court, and was clear-headed at the hearing. He understood the nature of the charges and the possible penalties that could be imposed. But Collins complained that his attorney did not bring him discovery responses until two days before the plea hearing and dropped the discovery off at the jail without discussing it with him. He said that he told his attorney that he did not feel comfortable accepting the plea, but his attorney said he had to make up his mind. Collins acknowledged that he did not tell the trial judge that he felt pressured or was unsure whether to accept the plea.

{¶ 11} On direct examination, Collins said that counsel was experiencing personal issues, and between those personal issues and the looming deadline for accepting the plea, he felt that they did not have enough time to discuss the discovery. He said that the victim had lied in her statement and she wanted to take a lie detector test. Collins insisted that he agreed to enter a plea because he was nervous and felt rushed. He conceded that he understood that the state had a deadline by which it had to present the matter to the grand jury, but explained that that was part of why he felt rushed to accept the plea. He insisted that counsel told him he should take the deal and he did so because he was nervous. He denied that his strategy was to prevent the state from seeking to reindict him on the elevated charge.

{¶ 12} On cross-examination, Collins conceded that he spoke with counsel about the discovery on the day of the plea hearing and they went over the plea form together. He acknowledged telling the trial court at the plea hearing that he was satisfied with his attorney's representation and that the trial court gave him time to ask questions of counsel

6.

or the court. He admitted that he knew that if he had any questions or concerns he could have raised them at the plea hearing, but he claimed that he did not do so because he felt rushed. Collins conceded that the plea offer was extended to him a month before the plea hearing. He knew that if he accepted the plea offer the state would not go back to the grand jury the next day, yet he waited until November 23, 2022, to give his first indication that he wanted to withdraw his plea. He knew before November 9, 2022, that the victim—who he remained in contact with during the pendency of the case—wanted to change her statement.

{¶ 13} Collins denied that he commited a robbery. He also denied assaulting the victim on August 3, 2022. He claimed he was carrying her across the road because she had been drinking. He acknowledged that his attorney told him what was in the video from the August 3, 2022 incident and he agreed to enter the plea despite denying that he assaulted the victim on August 3, 2022. He agreed that he had not provided his attorney with any evidence that he was innocent of the August 3, 2022 incident. He claimed that he gave his attorney evidence that he was innocent of the July 30, 2022 incident, which consisted of pictures that showed that he and the victim had spent the day together at Cedar Point. The victim had claimed that she woke up to him at her home, but he insisted that they had spent the entire day together, he lived there with her, and he paid rent despite not being on the lease. Collins admitted that they had a dispute, but insisted that it did not happen the way she said it did. He denied assaulting her, even though she was observed to have red marks and bruises when the police arrived.

7.

{¶ 14} In response to questions from the court, Collins insisted that the victim wanted to take a lie detector test because she had lied in the police report. He acknowledged that he grabbed her, but he denied kicking or hitting her on July 30, 2022. Collins said that if he had kicked and hit her as claimed, she would have had more bruises. The court raised the fact that he had 23 felony convictions as an adult and ten adjudications of juvenile delinquency and asked Collins if he had been nervous in those cases. Collins claimed that he was not nervous or hesitant in those cases because he was guilty of those crimes.

{¶ 15} On redirect, Collins provided additional testimony about the robbery charge. He said the item he allegedly stole was the victim's cell phone. He insisted that they had been out that night, and because she did not have pockets, she gave him her phone, which he put in the center console of his vehicle. He said that his cousin returned it to her within minutes after Collins left her house. Collins estimated that the victim was without her cell phone for approximately 22 minutes. He denied damaging it.

### 2. The Nine Factors for Evaluating a Motion to Withdraw a Plea

{¶ 16} In their briefs, the parties address each of the factors that Ohio courts generally consider in evaluating a presentence motion to withdraw a plea. We address each of those factors.

{¶ 17} *1. Whether the state will be prejudiced by withdrawal.* Collins acknowledges that the state claims that it would be prejudiced by withdrawal of the plea because it was prevented from presenting the case to the grand jury to seek an indictment

8.

on the elevated charge. He denies that his request to withdraw his plea was a strategy designed to prevent the state from seeking elevated charges. He maintains that no speedy-trial analysis was conducted by the trial court, nor were tolling events evaluated on the record by the court or the parties.

{¶ 18} The state responds that it would, in fact, be prejudiced if Collins is allowed to withdraw his plea because it would be prevented from going back to the grand jury to reindict on the robbery charge. It emphasizes that Collins was aware of this cut-off date, and maintains that his motion to withdraw was part of a strategy designed to prejudice the state.

{¶ 19} In its March 2, 2023 judgment, the trial court found that the state would be prejudiced if Collins is permitted to withdraw his plea. We find no abuse of discretion in the trial court's conclusion and we find that this factor weighs against allowing Collins to withdraw his plea.

{¶ 20} *2. The representation afforded to the defendant by counsel.* Collins concedes that his attorney is competent, but he maintains that counsel was dealing with a personal family issue that caused him to be absent from his office and less attentive to the case than he otherwise would have been.

{¶ 21} The state responds that trial counsel is a well-respected and experienced defense attorney who was able to negotiate a plea agreement to offenses less serious than the conduct charged in the indictment—charges that did not carry a presumption of incarceration. It points out that the trial court made certain that Collins had no questions

9.

about his plea and gave him ample time to consult with his attorney. The state maintains that if Collins felt nervous or pressured or if he had questions about the discovery responses, it was incumbent on him to make the trial court aware of his concerns. Because he did not, the state concludes that Collins experienced a mere change of heart.

{¶ 22} The trial court found that counsel's review of the evidence combined with his years of exemplary practice as a criminal-defense attorney likely did lead him to recommend that Collins accept the plea agreement. By doing so, Collins faced a maximum penalty of only 72 months in prison instead of a potential prison term of 14 to 18 years. We find no abuse of discretion in the trial court's conclusion and we find that this factor weighs against allowing Collins to withdraw his plea.

{¶ 23} *3. The extent of the Crim.R. 11 plea hearing.* Collins does not claim that the trial court conducted an improper plea hearing. The state emphasizes that Collins received a full and fair plea hearing under Crim.R. 11. Having reviewed the transcript of the Crim.R. 11 plea hearing, we agree that Collins received a full and fair plea hearing and this factor weighs against allowing him to withdraw his plea.

{¶ 24} *4. The extent of the hearing on the motion to withdraw.* Collins does not claim that the trial court conducted an inadequate hearing on the motion to withdraw. The state's analysis of this factor is simply a reiteration of its position that Collins received a full and fair plea hearing.

10.

**{¶ 25}** Having reviewed the transcript of the hearing on the motion to withdraw, we find that Collins received a full and fair hearing on his motion. This factor weighs against allowing Collins to withdraw his plea.

**{¶ 26}** *5. Whether the trial court gave full and fair consideration to the motion.* Collins contends that it is for this court to decide whether the trial court gave full and fair consideration to his motion. The state responds that the court gave full and fair consideration to Collins's motion to withdraw his plea and took the matter under advisement before announcing its decision on March 1, 2023.

**{¶ 27}** The trial court issued a detailed written decision evidencing that it fully considered Collins's motion. This factor weighs against allowing Collins to withdraw his plea.

**{¶ 28}** *6. Whether the timing of the motion was reasonable.* Collins does not directly address whether the timing of his motion was "reasonable," but he points out that his motion was filed on the day of sentencing. The state responds that the timing of the motion was not reasonable because it was filed weeks after the speedy-trial deadline for reindictment had passed. It again asserts that this was by design.

**{¶ 29}** Given Collins's knowledge that the state faced a November 10, 2022 deadline for re-presenting the matter to the grand jury, we find that the timing of the motion was not reasonable. This factor weighs against allowing Collins to withdraw his plea.

11.

**{¶ 30}** *7. The reasons for the motion.* Collins argues that he felt pressured into accepting the plea agreement and complains that his attorney dropped off discovery for him at the jail just two days before the hearing and without reviewing the contents of the discovery with him.

**{¶ 31}** The state responds that Collins received the discovery two days before the plea hearing, was aware of its contents, and could have asked the court to give him extra time to discuss the discovery with counsel before entering the plea. It points out that Collins told the court that he had no questions and expressed that he was satisfied with his attorney. The state insists that Collins either made a calculated move to prejudice the state or experienced a mere change of heart.

**{¶ 32}** The trial court found that Collins had the discovery materials for two days, he was aware of the evidence, which included DNA evidence and jailhouse phone calls, and he knew what was contained in video evidence even if he did not personally view the recording. It observed that Collins did not request more time to talk to counsel and did not ask any questions of the court and counsel at the plea hearing. And it noted that Collins had extensive experience with the criminal justice system, so it did not believe that Collins accepted the plea because he felt nervous, scared, or rushed. We find no abuse of discretion in the trial court's conclusion and we find that this factor weighs against allowing Collins to withdraw his plea.

**{¶ 33}** *8. Whether the defendant understood the nature of the charges and potential sentences.* Collins acknowledges that he was aware of the nature of the charges

12.

and the potential sentences he faced. The state agrees that Collins fully understood the nature of the charges, the effect of his plea, and the possible sentences he faced.

{¶ 34} Given that there is no dispute that Collins fully understood the nature of the charges, the effect of his plea, and the possible sentences he faced, this factor weighs against allowing Collins to withdraw his plea.

{¶ 35} *9. Whether the accused was perhaps not guilty or had a complete defense to the charge.* Collins contends that he was guilty of some of the charges, but claims that he was not guilty of all of the charges. The state responds that Collins admitted his guilt when he entered his plea and signed the plea form acknowledging that "by pleading guilty, I admit committing the offense and will tell the Court the facts and circumstances of my guilt."

{¶ 36} The trial court found that Collins had taken inconsistent positions with respect to his guilt or innocence. At one point, he conceded that he was guilty of some of the charges, but not all of them. While the victim expressed that she wanted to recant her statement and Collins disputed the contents of the information contained in the police reports, the trial court was skeptical of his claim of actual innocence, especially in light of Collins's inconsistent positions. Given that Collins provided no information at the hearing other than his assertion that the victim wished to recant, we find no abuse of discretion in the trial court's conclusion and we find that this factor weighs against allowing Collins to withdraw his plea.

13.

**{¶ 37}** Because all of the factors weigh against allowing Collins to withdraw his plea, we find that the trial court did not abuse its discretion in denying Collins's motion. We find his first assignment of error not well-taken.

### B. Ineffective Assistance of Counsel

**{¶ 38}** In his second assignment of error, Collins argues that trial counsel was ineffective because he failed to bring discovery to him at the jail until two days before his plea hearing and failed to review the discovery with him. He highlights statements made by his attorney at the hearing acknowledging that personal family issues resulted in his spending less time and devoting less attention to Collins's case than he would have otherwise.

**{¶ 39}** The state responds that if Collins felt that he did not have enough time to review the discovery materials with trial counsel, he should have raised this concern at the plea hearing. It insists that Collins cannot show prejudice here, therefore, he cannot prevail on his claim of ineffective assistance of counsel.

**{¶ 40}** In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995). To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for

14.

counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 41} Collins admits that his attorney provided him with the state's discovery responses, and he had this information in his possession for two days before the plea hearing. If Collins felt that he needed time to review discovery responses with his attorney, he could have said so at the plea hearing or he could have declined to accept the plea agreement. Instead he told the court that he was satisfied with his attorney's performance and raised no concerns.

{¶ 42} Moreover, Collins's attorney negotiated an agreement that eliminated one count of the indictment and prevented the state from seeking an elevated charge against him, thereby significantly reducing the prison time he faced. We find that Collins has failed to establish that his attorney's performance fell below an objective standard of reasonable representation.

{¶ 43} We find Collins's second assignment of error not well-taken.

### III. Conclusion

{¶ 44} Because the nine factors that courts generally consider in evaluating a presentence motion to withdraw a plea all weigh against granting the motion, we find that

the trial court did not abuse its discretion when it denied Collins's motion. His first assignment of error is not well-taken.

{¶ 45} We also find that Collins has failed to establish that trial counsel's performance was deficient, therefore, he cannot prevail on his claim of ineffective assistance of counsel. We find Collins's second assignment of error not well-taken.

{¶ 46} We affirm the March 2, 2023 judgment of the Lucas County Court of Common Pleas. Collins is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                              _____
                                                                          JUDGE
Myron C. Duhart, J.

                                                             _____
Charles E. Sulek, P.J.                                        JUDGE
CONCUR.

                                                             _____
                                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.